IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-23,600-05






EX PARTE REGINALD DONNELL REECE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07F0171-202B IN THE 202ND JUDICIAL DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance, and was sentenced to four years' imprisonment. He did not appeal his
conviction.

 On October 7, 2009, this Court remanded to the trial court to obtain affidavits, findings, and
supplementation of the habeas record to address Applicant's contention that his trial counsel
rendered ineffective assistance because counsel failed to investigate and erroneously advised him
to plead guilty to an offense that was not supported by the evidence. On remand, the trial court has
obtained affidavits from trial counsel and from TDCJ, and has provided a copy of the lab report
showing the quantity of the controlled substance possessed by Applicant. However, this Court's
remand order also required supplementation of the record with copies of the plea documents,
including any written admonishments, waivers and stipulations, and plea agreements. The habeas
record has not been supplemented with these documents, and the trial court has not made findings
as to whether Applicant was correctly admonished prior to the entry of the plea. Furthermore, the
record does not contain a copy of the charging instrument in this case.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall supplement the habeas record with copies of the charging document and the plea documents,
including any written admonishments, waivers and stipulations, and plea agreements. The trial
court shall make findings as to whether Applicant was admonished as to the nature of the charge,
the applicable punishment range, the rights he was waiving, and the consequences of his plea. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 3, 2010

Do not publish